## Case No. 9,492.

### MESA v. UNITED STATES.

[4 Sawy. 551.] [1]

Circuit Court, N. D. California. May 11, 1865.

MEXICAN LAND GRANTS—APPEALS TO CIRCUIT COURT—WHEN AUTHORIZED.

The act of congress of July 1, 1864 [13 Stat. 332], "to expedite the settlement of titles to lands in the state of California," did not authorize appeals to the circuit court from all past decrees in land cases of the district court, but only from decrees of that court then appealable to the supreme court, but from which no appeal had been taken, and from decrees of the district court which might be subsequently rendered.

Appeal from the district court, heard at the February term of 1865.

[This was a suit by Maria Antonio Mesa against the United States, concerning certain Mexican land grants.]

W. H. Patterson, for appellant.
Delos Lake, U. S. Atty., for respondent.

FIELD, Circuit Justice. This case comes before the court on appeal from the decree of the district court approving the official survey of the land confirmed to the claimant. [Case unreported.] The decree was entered in April, 1861, and the appeal was taken in March of the present year. The question presented is whether under the act of July, 1864, "to expedite the settlement of titles to lands in the state of California," this court can take jurisdiction of the case. The object of that act was to relieve the supreme court from the necessity of considering cases of survey and location of private land claims, which raised few questions of interest except to the parties engaged in the litigation, and to vest in the circuit court the jurisdiction of future cases of this character. While, therefore, the jurisdiction of the supreme court was retained over pending appeals, jurisdiction was vested in the circuit court over cases in which appeals might subsequently be taken. The language of the statute is: "That where a plat and survey have already been approved or corrected by one of the districts courts of the United States for California, and an appeal from the decree of approval or correction has already been taken to the supreme court of the United States, the said supreme court shall have jurisdiction to hear and determine the appeal. But where from such decree of approval or correction no appeal has been taken to the supreme court, no appeal to that court shall be allowed, but an appeal may be taken within twelve months after this act shall take effect, to the circuit court of the United States for California, and said court shall proceed to fully determine the matter." From the general language here used, counsel contend that the right of appeal to the circuit court from all past decrees is conferred; and thus that surveys and locations which have become absolute by lapse of time, may be again opened to contestation. Such is not, in our judgment, the proper construction of the act. We are clear that the act was only intended to authorize a review by the circuit court of decrees which were then appealable, but from which no appeal had at the time been taken to the supreme court; and of decrees which might be subsequently rendered in cases pending undetermined in the district court, the time within which to appeal to the circuit court in both classes of cases being limited to the period of twelve months after the passage of the act. The construction for which counsel contend would take from the act its just designation as an act to expedite the settlement of land titles, and render it an act to cloud the titles and delay their settlement. It follows that the motion to dismiss the appeal must be granted. In considering the question presented we have not noticed the fact that an appeal had already been taken in this case to the supreme court of the United States and there dismissed, as it was unnecessary for the disposition of the motion. Appeal dismissed.